**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **In the Matter of the Complaint**<br><br>**of**<br><br>**DEVIL ISLAND COMPANY, INC. as Owner of the M/V ISABELLA III, Her Engines, Machinery, Tackle, Apparel, Appurtenances, etc., for Exoneration From, or Limitation of, Liability, Civil and Maritime,**<br><br>**Petitioner.** | **Civil Action No.:**<br>**IN ADMIRALTY** |

# VERIFIED COMPLAINT

The Complaint of Devil Island Company, Inc. ("Devil Island" or "Limitation Petitioner"), as owner of the ISABELLA III, ME 17XLC, ("ISABELLA" or "Vessel"), in a cause of exoneration from or limitation of liability, civil and maritime, within the meaning of Rule 9(h) and Supplemental Rule F of the Federal Rules of Civil Procedure and 46 U.S.C. § 30501, *et seq.*, respectfully represents:

1.

At all pertinent times, Devil Island is a corporation organized and existing under the laws of the state of Maine, and brings this action as owner of the ISABELLA.

2.

This Court has jurisdiction over this suit pursuant to 28 U.S.C. §1333 because this is a case brought under this Court's admiralty and maritime jurisdiction through Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty & Maritime Claims.

3.

Venue is proper in this District pursuant to Federal Rule of Civil Procedure Supplemental Admiralty Rule F(9) because the ISABELLA is located within this District.

4.

The ISABELLA is a recreational vessel bearing ME 17XLC, with principal dimensions of 22 feet in length and 8 feet in breadth. The ISABELLA is a vessel of less than 100 gross tons and is not a wing-in-ground craft. On the voyage in question, the ISABELLA was not carrying more than six passengers, and no person aboard was a “passenger for hire” within the meaning of 46 U.S.C. § 2101, because no consideration was contributed, directly or indirectly, as a condition of carriage aboard the Vessel. Accordingly, the ISABELLA is not a “small passenger vessel” as defined in 46 U.S.C. § 2101 and is not a “covered small passenger vessel” as defined in 46 U.S.C. § 30501, and the Limitation of Liability Act applies to the ISABELLA pursuant to 46 U.S.C. § 30502.

5.

Prior to and at all times hereinafter described, Limitation Petitioner exercised due diligence to make and to maintain the Vessel in all respects in a seaworthy condition; and at all times hereinafter described, the Vessel was in fact tight, staunch, strong, and fully and properly equipped, and manned, well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel and was in all respects seaworthy, fit and proper for the service in which the Vessel was engaged.

6.

Upon information and belief, on or about August 15, 2024, the Vessel was being operated by Charles O’Bryan, a guest of Limitation Petitioner’s private island, Devil Island, down the east side of the federal navigational channel while headed to the Stonington Harbor Public Dock. The

Vessel was being used to obtain supplies and groceries for the guests of Devil Island. There were seven people on board the Vessel, including O'Bryan.

7.

Upon information and belief, another recreational vessel, the BUGABOO, was also being operated in the federal navigational channel by Charles Beam. The BUGABOO was being operated toward the center or wrong side of the channel off to the Vessel's port side. Despite this, the vessels appeared to be positioned to pass each other safely until Beam made a sudden change in course to his port side, directly into the Vessel. O'Bryan attempted to take emergency action to avoid the collision; however, a moored vessel to the starboard side of the Vessel prevented him from being able to move far enough to his starboard to avoid the collision. O'Bryan attempted to avoid the collision by placing the Vessel's throttle in full astern. O'Bryan's actions were not enough to completely avoid the collision, and the BUGABOO took no actions to correct course or avoid the collision. The BUGABOO collided with the portside of the Vessel (the "Incident").

8.

Upon information and belief, one of the passengers of the Vessel, Joseph "Bart" Morrison, alleges he sustained an injury to his head as a result of the Incident.

9.

The Incident, and any resulting injuries and/or contingent losses and all other losses, damages, expenses, and costs resulting therefrom were not caused or contributed to by any fault, negligence, unseaworthiness, or lack of due care on the part of Limitation Petitioner, the ISABELLA, or any person for whom or which Limitation Petitioner was or might be responsible, and/or even if so, which is denied, were the result of an act or omission for which Limitation Petitioner was entitled to exoneration and/or limitation. To the contrary, the Incident, as well as

any losses, injuries, and/or damages allegedly sustained by any person, firm, corporation, or legal entity arising out of the Incident were due to and/or caused by the fault, neglect, lack of due diligence, negligence, want of due care, acts, and/or omissions of the operator of the BUGABOO, Charles Beam.

10.

The Incident, any physical damage, injuries, contingent losses and all other losses, damages, expenses, and costs resulting therefrom were caused and occurred without the privity or knowledge of Limitation Petitioner and as such Limitation Petitioner is entitled to exoneration and/or limitation.

11.

On February 18, 2025, counsel for Joseph Bart Morrison purportedly mailed a letter addressed to Limitation Petitioner to the home address of its Treasurer, which was received on February 19, 2025 (the "Representation Letter"). The Representation Letter stated that counsel represented Morrison with respect to legal claims arising from injuries he suffered in the Incident, requested disclosure of liability insurance policy limits pursuant to 24-A M.R.S.A. § 2164-E, and requested the preservation of evidence. The Representation Letter did not demand payment, did not state any amount, and did not state that Morrison intended to assert a claim against Limitation Petitioner.

12.

On November 6, 2025, counsel for Joseph Bart Morrison transmitted by electronic mail to claims representatives of two insurers a letter styled "**CONFIDENTIAL: FOR SETTLEMENT PURPOSES ONLY**" and dated November 6, 2025 (the "Settlement Communication"). The Settlement Communication was addressed to the two insurance representatives, not to Limitation

Petitioner; it stated an offer to release claims in exchange for payment of $3,100,000; and it provided by its terms that the offer would expire 60 days after receipt and thereafter be withdrawn. The Settlement Communication recited that a copy, letter only, was sent by UPS addressed to Limitation Petitioner in care of William B. Devoe at a post office box to which UPS does not make deliveries. By its terms, the offer stated in the Settlement Communication expired on or about January 5, 2026 and was withdrawn. No claimant has commenced any action against Limitation Petitioner arising out of the Incident. No claimant has directed the Settlement Communication, or any other written demand for payment, to Limitation Petitioner. Limitation Petitioner never designated either insurance representative as its agent to receive written notice of a claim within the meaning of 46 U.S.C. § 30529(a). Upon inquiry, and upon information and belief, no officer or representative of Limitation Petitioner received the Settlement Communication from any claimant or claimant's counsel by electronic mail, mail, UPS, or otherwise.

13.

This action is timely under 46 U.S.C. § 30529(a) and Supplemental Rule F(1) because no claimant has given Limitation Petitioner written notice of a claim within the meaning of the statute. The Representation Letter was not written notice of a claim because it did not demand payment, did not state any amount, and did not state an intention to assert a claim against Limitation Petitioner. The Settlement Communication was not given to Limitation Petitioner or to any person authorized by Limitation Petitioner to receive notice of claims on its behalf, and in any event did not constitute written notice of a claim. No other written notice of a claim has been given to Limitation Petitioner. In the alternative, the requirements of 46 U.S.C. § 30529(a) are non-jurisdictional and subject to waiver and forfeiture. In the further alternative, this action is filed

within six months of the earliest written notice of a claim that first revealed a reasonable possibility that the claims would exceed the value of the Vessel and her pending freight.

14.

This action is brought under 46 U.S.C. § 30529 and Supplemental Rule F without waiver of, and expressly reserving, the separate and independent substantive right of limitation conferred by 46 U.S.C. § 30523, which contains no time limitation and which Limitation Petitioner may plead by answer or otherwise in any action asserted against it in any court, state or federal. No disposition of this action, including any determination respecting the timeliness of this action under 46 U.S.C. § 30529(a), shall constitute an adjudication of, or a waiver, forfeiture, merger, or election respecting, the substantive rights conferred by 46 U.S.C. § 30523.

15.

Limitation Petitioner has a reasonable basis upon which to believe that it is possible that the claims that will be asserted and prosecuted against it will be in amounts exceeding the total sum it may be required to pay under the laws of the United States relating to the exoneration from or limitation of liability.

16.

The value of Limitation Petitioner's interest in the Vessel at the termination of the voyage was $100 and there was no pending freight. Accordingly, the total value of Limitation Petitioner's interest in the Vessel and its pending freight is $100.00.[1]

17.

In connection with this Limitation Complaint, Limitation Petitioner submits security reflecting its interest in the Vessel and its pending freight, with interest at the rate of six percent

[1] Appraiser's Report, attached hereto as Exhibit A.

per annum from the date of the security, together with security for costs, in accordance with Supplemental Rule F(1). Limitation Petitioner claims entitlement to a credit for any sums previously paid or incurred with respect to this Incident.

18.

Should it later appear that Limitation Petitioner is or may be liable and that the amount or value of its interest in the Vessel and pending freight, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the established sum representing the value of the Vessel and pending freight, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, the general maritime law, and the rules and practices of this Honorable Court.

19.

Limitation Petitioner claims exoneration from liability for any and all injuries, losses, or damages occurring as a result of the Incident and for any and all claims therefore. Limitation Petitioner alleges that it has valid defenses thereto on the facts and the law. Alternatively, Limitation Petitioner, without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided for in 46 U.S.C. §30501 *et seq.* and the various statutes supplemental thereto and amendatory thereof, and to that end Limitation Petitioner deposits security for the benefit of potential claimants with this Honorable Court.

20.

Limitation Petitioner further specifically avers that this Complaint, and the claim for exoneration from or limitation of liability asserted herein, is filed not only in its behalf, but also on behalf of its insurers and underwriters who shall be entitled to exoneration from or limitation

Docusign Envelope ID: 5C870227-CEE0-841B-81AD-9A73971C8B71


of liability to the same extent as Limitation Petitioner, and whose liability in the premises, if any, shall accordingly not exceed Limitation Petitioner's liability, if any.

21.

All and singular the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, Limitation Petitioner prays that:

1. This Court issue an Order accepting due appraisal of the amount or value of Limitation Petitioner's interest in the Vessel and pending freight for the voyage in question;

2. This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Limitation Petitioner a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Limitation Petitioner an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

3. This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Limitation Petitioner and its underwriters, and/or against the Vessel, her officers and crew or against any employee or property of Limitation

Petitioner except in this action, to recover damages for or in respect of any loss, damage, or injury occasioned or incurred as a result of the Incident;

4. The Court in this proceeding will adjudge that Limitation Petitioner, and its underwriters are not liable to any extent for any injuries, losses or damages occurring as a result of the Incident, or for any claim whatsoever in any way arising from or in consequence of the Incident, or if Limitation Petitioner and its insurers and underwriters shall be adjudged liable, then that such liability be limited to the amount or value of Limitation Petitioner's interest in the Vessel and its pending freight, as aforesaid, at the end of the voyage on which it was engaged at the time of the Incident, and that Limitation Petitioner and its insurers and underwriters be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging both Limitation Petitioner and its underwriters from all further liability; and

5. Limitation Petitioner may have such other, further or different relief as may be just in the circumstances.

Respectfully submitted,

Petitioner, Devil Island Company, Inc.

By its attorneys,

LISKOW & LEWIS, APLC

/s/ SAMUEL P. BLATCHLEY
Samuel P. Blatchley (BBO#005906)
sblatchley@liskow.com
555 Pleasant Street, Unit 2C
New Bedford, MA 02740
(774) 686-3060

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2026, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ SAMUEL P. BLATCHLEY
Samuel P. Blatchley BBO# 005906

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **In the Matter of the Complaint**<br><br>**of**<br><br>**DEVIL ISLAND COMPANY, INC. as Owner of the M/V ISABELLA III, Her Engines, Machinery, Tackle, Apparel, Appurtenances, etc., for Exoneration From, or Limitation of, Liability, Civil and Maritime,**<br><br>**Petitioner.** | **Civil Action No.:**<br>**IN ADMIRALTY** |

## VERIFICATION

## DECLARATION OF DAVID KEISCH

Pursuant to 28 U.S.C. §1746, I, David Keisch, declare and state under penalty of perjury that the following is true and correct:

1. That I am the Treasurer of Devil Island Company, Inc., Limitation Petitioner in the captioned and numbered proceeding;

2. That I am authorized to make this Declaration on behalf of Petitioner;

3. That I have read the above and foregoing Complaint and all the allegations of fact therein contained are true and correct, upon information, knowledge and belief; and

4. That the source of my knowledge and the grounds for my belief are information obtained from the records of Devil Island Company, Inc. and investigation by me and my representatives.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October __, 2026.

Signed by:
David Keisch
C5BF4EF5B34E485...

David Keisch